McKinney, J.,
delivered the opinion of the Court.
This suit was commenced before a Justice of the Peace, to recover the penalty of $62 50, given by the act of 1782, ch. 29, sec. 1, for an “ unlawful firing of the woods.” The justice rendered judgment for the plaintiff, and the defendants appealed to the Circuit Court. On motion of the defendants the Court quashed the warrant, and proceedings thereon had before the justice; and the plaintiff appealed in error to this Court.
The ground of the motion to quash is, that from the face of the warrant — which sets forth specially the cause of action as defined by the statute, the justice had no jurisdiction of the case.
We think the judgment correct. We are aware of no statute of our own under which the jurisdiction can be maintained. In the present state of the law, justices have jurisdiction to the extent of five hundred dollars “on all notes of hand;” and to the extent of two hundred and fifty dollars, “upon all booh accounts, obligations, contracts, or any other evidence of debt.” (Act of 1854, ch. 58.) In cases of damages, whether arising out of contract, or tort, the jurisdiction is limited to fifty dollars. (Act of 1829, ch. 24.)
The cause of action in the case before us, is of its own kind: it is a pecuniary punishment inflicted for a wrong done in violation of the statute; and although the statute authorizes the penalty to be recovered “by an action of debt,” yet it does not fall within either *116 class of cases specifically enumerated in the act of 1854, lbut is impliedly excluded by such enumeration.
And it is a settled rule, that penal statutes are to be construed strictly; and are not to be extended beyond the plain letter of the law. It follows consequently, that the jurisdiction of such 'cases belongs to the Circuit Court, and not to a justice of the peace.
It was not necessary in this case, that the objection to the jurisdiction should have been taken by plea in abatement, inasmuch as the want of jurisdiction was patent on the face of the warrant. It is never required to present by plea, a matter that already sufficiently appears upon the face of the pleading of the opposite party.
Judgment affirmed.